## ROBERT ELLIOTT v. SARAH SPENCER.

Widow's Verbal Contract to Relinquish Dower Not Binding — Return of Consideration — Special Verdict.

A married woman is not bound by her verbal contract to relinquish her dower, but had a right to abandon it.

Same.

No title to the property paid her in consideration of her relinquishment vested in her. She had no right to abandon the contract and still claim the property.

### APPEAL FROM CUMBERLAND CIRCUIT COURT.

January 31, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The only two witnesses in the case prove that when Elliott bought the land from appellee's deceased husband she then verbally agreed to relinquish her right of dower in consideration of the mare and oxen which appellant delivered to her. The husband died before she signed or acknowledged the deed, whereupon she asserted her dower and obtained it by decree of court.

The jury, by their special verdict, substantially found those facts, but, notwithstanding, the court dismissed appellant's suit brought to recover the mare and oxen and turned him over to a suit against the insolvent estate of her deceased husband.

The judge evidently regarded the property as vesting in the husband and that she was entitled to it as widow, but this was an erroneous view; she being a married woman was not bound by her verbal contract to relinquish her dower, but had a right to abandon it, and, having done so, no title to the property paid her in consideration for her relinquishment vested in her, but it should have been returned; she was not entitled to abandon the contract and still claim the property by virtue of it. It would have been proper, had the pleadings justified it, to have laid her under terms in the suit seeking her dower, but this not having been done Elliott had a right to sue for the property. The judgment is reversed, with directions to the court to render judgment for appellant on the special finding of the jury.

*Sandidge & Hays, for appellant.*

*Van Winkle, for appellee.*